UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

TOMMY TERRELL MIMS,

    Defendant-Movant,

v.

UNITED STATES OF AMERICA,

    Plaintiff-Respondent.

_____/

Case No. 1:24-cv-552

Honorable Paul L. Maloney

**OPINION AND ORDER**

    Currently pending before the Court is Defendant-Movant Tommy Terrell Mims ("Defendant")'s *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 1.) Defendant has also filed a motion to appoint counsel (ECF No. 6) and a motion for certificate of appealability (ECF No. 27). For the reasons set forth below, Defendant's motions will be denied.

**I.    Background**

    On March 1, 2022, a grand jury returned an Indictment charging Defendant with distribution of fentanyl resulting in death, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). *See* Indictment, *United States v. Mims*, No. 1:22-cr-28 (W.D. Mich.) (ECF No. 1). That same day, the government filed an Information and Notice of Prior Felony Drug Offense Convictions. *See* Information, *id.* (ECF No. 4). That Information set forth that Defendant had four prior felony drug offenses that would subject him to increased penalties if he were convicted of the charge set forth in the Indictment. *See id.*

After Defendant's arrest, attorney Helen Nieuwenhuis was appointed to represent him. On June 14, 2022, a grand jury returned a Superseding Indictment, charging Defendant with (1) distribution of fentanyl resulting in death, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); and (2) possession with intent to distribute cocaine base, cocaine, and methamphetamine, in violation of 21 U.S.C. § § 841(a)(1) and (b)(1)(C). *See* Superseding Indictment, *id.* (ECF No. 23).

On November 18, 2022, Defendant, through counsel, filed a motion to suppress "the evidence uncovered following the unlawful search and seizure of [Defendant's] vehicle by the Grand Rapids Police Department." *See* Mot., *id.* (ECF No. 34, PageID.79). The Court conducted a hearing on the motion on January 23, 2023. The Court indicated that it would take the motion under advisement. *See* Mot. Hr'g Minutes, *id.* (ECF No. 40).

Before the Court ruled upon Defendant's motion to suppress, Defendant entered into a plea agreement in which he agreed to plead guilty to Count One of the Superseding Indictment, charging him with distribution of fentanyl resulting in death. *See* Plea Agreement, *id.* (ECF No. 42). Defendant's plea agreement was governed in part pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure because the parties agreed that an appropriate sentence was 240 months' imprisonment. *See id.* (ECF No. 42, PageID.140). The parties further agreed that if the Court rejected the plea agreement and refused to impose a sentence of 240 months, either party had the right to withdraw from the plea agreement. *See id.* (ECF No. 42, PageID.141).

The plea agreement set forth that in exchange for Defendant's guilty plea, the government would move to dismiss the information and notice of prior felony drug conviction that would otherwise subject Defendant to a statutory mandatory life sentence. *See id.* (ECF No. 42, PageID.142). Moreover, by pleading guilty, Defendant waived his right to appeal or collaterally attack his conviction and sentence, subject to the following four exceptions: (1) Defendant's

3

sentence exceeded the statutory maximum; (2) Defendant's sentence was based on an unconstitutional factor, like race, religion, national origin, or gender; (3) Defendant's guilty plea was involuntary or unknowing; and (4) counsel provided ineffective assistance of counsel. *See id.* (ECF No. 42, PageID.144–145).

Defendant appeared before the Court for his change of plea hearing on February 10, 2023. The parties appeared before the Court for sentencing on May 26, 2023. The Court sentenced Defendant to 240 months' imprisonment, followed by 25 years of supervised release. *See* J., *id.* (ECF No. 54). The Court also issued an order dismissing as moot Defendant's motion to suppress. *See* Order, *id.* (ECF No. 53). Defendant did not appeal his conviction and sentence to the United States Court of Appeals for the Sixth Circuit.

Defendant filed his § 2255 motion (ECF No. 1) and memorandum in support thereof (ECF No. 2) on May 28, 2024. In an order (ECF No. 4) entered on May 30, 2024, the Court directed the government to file a response to the motion. On July 23, 2024, Defendant filed a motion to appoint counsel. (ECF No. 6.) The Court subsequently granted the government's motion for an extension of time to respond and an order authorizing release of information subject to the attorney-client privilege. (ECF Nos. 7, 10.) After receiving two more extension of time (ECF Nos. 11, 12, 13, 14), the government filed an affidavit from attorney Nieuwenhuis (ECF No. 15) on October 9, 2024, and filed its response (ECF No. 19) to Defendant's § 2255 motion on December 6, 2024. After receiving an extension of time (ECF Nos. 22, 23), Defendant filed his reply (ECF No. 25) on January 21, 2025.

## II.    Motion to Appoint Counsel (ECF No. 6)

Defendant has filed a motion to appoint counsel to represent him in this matter. (ECF No. 6.) The Court notes, however, that there is no constitutional right to appointed counsel in habeas proceedings. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (citing *McCleskey v.*

4

*Zant*, 499 U.S. 467, 495 (1987)); *see* 18 U.S.C. § 3006A(a)(2)(B) (indicating that a federal court has the discretion to appoint counsel in a habeas proceeding where "the interests of justice so require"). The Court finds no basis for the appointment of counsel to assist Defendant in this matter at this time. The Court, therefore, will deny Defendant's motion to appoint counsel (ECF No. 6).

### III. Standards of Review

#### A. Merits

A prisoner may move to vacate his sentence under 28 U.S.C. § 2255 if he can demonstrate that the sentence was imposed in violation of the Constitution or laws of the United States, that the court lacked jurisdiction to impose such a sentence, that the sentence was in excess of the maximum authorized by law, or that it "is otherwise subject to collateral attack." 28 U.S.C. § 2255. However, "Section 2255 does not provide relief for just any alleged error." *Bullard v. United States*, 937 F.3d 654, 658 (6th Cir. 2019). To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998) (quoting *Murray v. Carrier*, 477 U.S. 478, 485 (1986)).

#### B. Ineffective Assistance of Counsel

To establish a claim of ineffective assistance of counsel, a movant must prove that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) counsel's deficient performance prejudiced the defendant in a way that led to an unreliable or fundamentally unfair outcome. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A court "must judge the

5

reasonableness of counsel's challenged conduct on the facts of the particular case, and viewed as of the time of counsel's conduct, and judicial scrutiny of counsel's performance must be highly deferential." *Roe v. Flores-Ortega*, 528 U.S.460, 477 (2000) (internal quotation marks omitted). Counsel is not ineffective unless he or she "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. To establish prejudice, a movant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694; *see also United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (en banc) ("[T]he threshold issue is not whether [movant's] attorney was inadequate; rather, it is whether he was so manifestly ineffective that defeat was snatched from the hands of probable victory.").

### C. Evidentiary Hearing

The Court must hold an evidentiary hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No hearing is required if Defendant's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quotation omitted).

### IV. Discussion

Defendant raises the following grounds for relief in his § 2255 motion:

I. Counsel was ineffective for failing to show that Defendant was actually innocent of violating 21 U.S.C. § 841(a)(1) and (b)(1)(C).

II. Counsel was ineffective for failing to challenge the serious bodily injury penalty enhancement under § 841(b)(1)(C).

III. Counsel failed to "compel the Court in regards to the but for causation requirement of serious bodily injury prior to Defendant being advised to enter plea."

6

  IV. Counsel was ineffective for failing to object to the portion of the Presentence Investigation Report (PSR) that assessed additional points for prior drug offenses.

(§ 2255 Mot., ECF No. 1, PageID.4–8.) The government contends that Defendant's claims are meritless. (ECF No. 19.)

  **A. Grounds I, II, and III—Ineffective Assistance Implicating Validity of Guilty Plea**

Defendant's first three claims of ineffective assistance implicate the validity of his guilty plea. In ground I, Defendant contends that attorney Nieuwenhuis was ineffective for not showing that Defendant was actually innocent of the charged offense, prejudicing him and leading him to accept the plea agreement. (§ 2255 Mot., ECF No. 1, PageID.4.) In ground II, Defendant alleges that counsel's failure to challenge the "serious bodily injury enhancement" led to him accepting an "ill-advised guilty plea." (*Id.*, PageID.5.) Finally, in ground III, Defendant suggests that his plea was unknowing and involuntary because counsel did not argue that Defendant's offense did not meet the "but-for causation requirement." (*Id.*, PageID.7.)

To determine whether a guilty plea is valid, the Court must consider "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). A constitutionally valid guilty plea must meet several requirements. First, the defendant must be competent to plead guilty. *See Brady v. United States*, 397 U.S. 742, 756 (1970). "[T]he standard for competence to stand trial is whether the defendant has 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and has 'a rational as well as factual understanding of the proceedings against h[er].'" *Godinez v. Moran*, 509 U.S. 389, 396 (1993) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam)). The defendant must also have notice of the nature of the charges against him. *See Henderson v.*

*Morgan*, 426 U.S. 637, 645 n.13 (1976). The defendant must enter the plea voluntarily, i.e., the plea cannot be the product of "actual or threatened physical harm, or . . . mental coercion overbearing the will of the defendant." *Brady*, 397 U.S. at 750; *see also Machibroda v. United States*, 368 U.S. 487, 493 (1962) ("A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void.").

The defendant must also understand the consequences of his plea, including the nature of the constitutional protection he is waiving. *Henderson*, 426 U.S. at 645 n.13; *Brady*, 397 U.S. at 755; *Machibroda*, 368 U.S. at 493 ("Out of just consideration for persons accused of crime, courts are careful that a plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences." (internal quotations and citation omitted)). Finally, the defendant must have available the advice of competent counsel. *Tollett v. Henderson*, 411 U.S. 258, 267–68 (1973); *Brady*, 397 U.S. at 756; *McMann v. Richardson*, 397 U.S. 759, 771 & n.14 (1970). The advice of competent counsel exists as a safeguard to ensure that pleas are voluntarily and intelligently made. *Cf. Henderson*, 426 U.S. at 647 ("[I]t may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit."); *Brady*, 397 U.S. at 754 (suggesting that coercive actions on the part of the state could be dissipated by counsel). Ineffective assistance of counsel can render a plea of guilty involuntary. *See Hill*, 474 U.S. at 56–57.

The *Strickland* test applies to guilty plea challenges based on ineffective assistance of counsel. *Id.* at 58. In the context of guilty pleas, the first prong of *Strickland* remains the same, and the "second, or 'prejudice,' requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* at 58–59.

8

"In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

Defendant filed an affidavit with his reply. (ECF No. 26.) In that document, Defendant avers that prior to entering the plea agreement, he "told [his] entire defense team because we had medical expert[']s opinion that fentanyl was not an independ[e]nt cause of H.C.[']s death and there were active pathologies in H.C.'s blood screen." (*Id.*, PageID.138.) Defendant told counsel that "they seem[ed] to lack any defense theory whatsoever and that they could do more to conduct a meaningful adversarial challenge to [his] charged offense." (*Id.*) Defendant states further that the victim had bought drugs from another individual. (*Id.*, PageID.140.) Overall, Defendant suggests that the multiple drug purchases as well as the victim's use of multiple substances casts doubt on whether the drugs sold by Defendant were the but-for causation of the victim's death, and that counsel was ineffective by pressuring Defendant to plead guilty instead of raising those challenges.

Attorney Nieuwenhuis has addressed Defendant's assertions in her affidavit. She notes that "[v]ideo was supplied showing both Ms. Sorensen-Cavasos and H.C. going to Mr. Mims' door, enter and then depart going back to their room. There were text messages as well as videos to support the government's argument regarding dealing/delivery of drugs." (ECF No. 15, PageID.64, ¶ 6.) Moreover,

> Mr. Mims had an investigator assigned to his case, the Federal Defenders Office hired and consulted experts regarding the issue of toxicology and cause of death. All investigation, discovery, phone records, videos, police reports, etc., were not only shared with Mr. Mims but all parties discussed and evaluated them with him. Simply because Mr. Mims states he believes the government's case was fabricated and falsified, does not make it so. The issue of actual innocence was discussed with Mr. Mims, as well as the facts in the reports, the videos, the text messages, the time frames, and all other evidence was thoroughly evaluated and assessed. This was done not only by lead counsel, but by attorneys Fisher and Celis, along with Chief Investigator Clay.

9

(*Id.*, PageID.65, ¶ 6.)

Attorney Nieuwenhuis has also addressed Defendant's contention that counsel should have raised an argument pursuant to *Burrage v. United States*, 571 U.S. 204 (2014), and that counsel instead used "scare tactics" and told Defendant that he would be convicted if he went to trial. (Mem. Supp. § 2255 Mot., ECF No. 2, PageID.18–19.) In *Burrage*, the Supreme Court held that "where the use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of [the Controlled Substances Act], 21 U.S.C. § 841(b)(1)(C), unless such use is a but-for cause of the death or injury." *Burrage*, 571 U.S. at 218–19.

In response, attorney Nieuwenhuis states that "[t]he *Burrage* case was looked at and analyzed by all the attorneys of record and discussed with Mr. Mims. After consultation with all parties, Mr. Mims chose to enter a plea pursuant to his 11(c) plea offer." (ECF No. 15, PageID.65, ¶ 7.) Attorney Nieuwenhuis goes on to note that "[c]ounsel never told Mr. Mims he must plead guilty nor insist he enter a guilty plea. These were choices made by Mr. Mims after consultation with his attorneys." (*Id.*, PageID.66, ¶ 7.) Moreover,

> Mr. Mims was informed that under the plea agreement (if accepted by the Court) would result in a sentence of no more and no less than 240 months of incarceration. If he went to trial and was convicted his sentence would have been mandatory life in prison. Mr. Mims was aware of all the risks involved in his case. All avenues were investigated and all viable challenges were considered and discussed. It was Mr. Mims' choice to enter a guilty plea. All attorneys consulted with Mr. Mims and informed him of their best estimation of a viable defense at trial. That is the attorneys' job, but it is for Mr. Mims alone to decide."

(*Id.*) Finally, attorney Nieuwenhuis states:

> Mr. Mims' third ground is that counsel's performance fell below professional standards when I failed to 'compel' the court in regards to but-for-causation prior to Mims entering his plea. Once again, Mr. Mims asserts that counsel made strategic choices without thorough investigation of a proper defense. All three attorneys worked on, reviewed, researched, and concluded (along with the help of experts) that the offer made to Mr. Mims was a better resolution then he would have

10

> had if he would have gone to trial. The way evidence or but-for-causation is challenged is to have a trial. If Mr. Mims wanted to challenge the but-for-cause, he should have proceeded to trial. He chose to enter a guilty plea to an 11(c)(1)(C) offer of 240 months rather than face a mandatory life sentence. And he did so with the advice of three attorneys and a seasoned investigator who all thoroughly reviewed and worked diligently on the file.

(*Id.*, PageID.66–67, ¶ 8.)

Attorney Nieuwenhuis's assertions are corroborated by the record before this Court. Defendant's Plea Agreement set forth that in order for Defendant to be guilty of violating 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), distribution of fentanyl resulting in death, the government had to prove that Defendant knowingly and intentionally distributed a controlled substance, Defendant knew that the substance in question was a controlled substance, and that the distribution of the substance resulted in the death of H.C. *See* Plea Agreement, *United States v. Mims*, 1:22-cr-28 (W.D. Mich.) (ECF No. 42, PageID.139–140). The Plea Agreement also set forth the following factual basis for the plea:

> On August 7, 2020, the Defendant knowingly and intentionally distributed a controlled substance, which contained a detectable amount of fentanyl, the use of which resulted in the death of H.C. At the time of distribution, the Defendant knew that the substance he distributed was a controlled substance. The use of the fentanyl was the "but-for cause" of H.C.'s death; H.C. would not have died but for his use of fentanyl distributed by the Defendant.

*Id.* (ECF No. 42, PageID.142). When Defendant signed his plea agreement, he did so under the following paragraph:

> I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

*Id.* (ECF No. 42, PageID.148).

11

Moreover, during the change of plea hearing, Defendant represented that he had received a full opportunity to dismiss his case with counsel, and that he was satisfied with counsel's work and representation. *See* Change of Plea Hr'g Tr., *id.* (ECF No. 60, PageID.288–289). Defendant understood that he had an "absolute right" to maintain a not guilty plea and proceed to trial, but that he wanted to take advantage of the plea agreement. *Id.* (ECF No. 60, PageID.289). Notably, during the hearing, the government indicated that in exchange for Defendant's plea of guilty, the government would move to "dismiss the 851 enhancement that was filed in this case. The benefit of that, of course, is that enhancement made the mandatory minimum penalty life in prison." *Id.* (ECF No. 60, PageID.290).

When the Court read Count One of the Superseding Indictment to Defendant, Defendant indicated that he understood the charge. *Id.* (ECF No. 60, PageID.292). Defendant then proceeded to enter his plea of guilty. *Id.* (ECF No. 60, PageID.294). When asked if anyone had forced, coerced, or threatened him to plead guilty, Defendant responded in the negative. *Id.* (ECF No. 60, PageID.296). Defendant also denied that he had received any promises of leniency or benefit other than those set forth in the plea agreement. *Id.* Defendant indicated that he was pleading guilty freely and voluntarily because he was in fact guilty of the crime charged in Count One. *Id.* (ECF No. 60, PageID.296–297). Defendant noted that he had gone over the plea agreement with counsel before signing it, and that counsel had answered all of his questions regarding the agreement. *Id.* (ECF No. 60, PageID.297). Defendant also acknowledged that the factual basis for the plea, as set forth in the plea agreement, was true. *Id.* (ECF No. 60, PageID.298). Ultimately, the Court concluded that Defendant's plea was "freely and voluntarily entered without promises of leniency or benefit." *Id.* The Court found no evidence of leniency or coercion. *Id.*

Here, Defendant "offers no evidence—beyond [his self-serving assertions]—to suggest that his plea was unknowing or involuntary" because of counsel's alleged ineffectiveness. *See United States v. Sturgill*, 761 F. App'x 578, 582 (6th Cir. 2009). Under settled Sixth Circuit authority, Defendant is bound by the statements that he made under oath at the change of plea hearing. *See Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) ("[W]here the court has scrupulously followed the required procedure [under Rule 11 of the Federal Rules of Criminal Procedure], 'the defendant is bound by his statements in response to that court's inquiry.'") (quoting *Moore v. Estelle*, 526 F.2d 690, 696-97 (5th Cir. 1976)). There is no suggestion here that the Court failed to comply with its obligations under Rule 11. *See United States v. Ataya*, 884 F.3d 318, 323–26 (6th Cir. 2018).

As noted above, to succeed on his claims of ineffective assistance, Defendant must "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. In his affidavit, Defendant states that he "made it clear" to counsel that he "wanted to go to trial. Period!" (ECF No. 26, PageID.140.) However, Defendant's assertion is wholly belied by his plea agreement and the statements Defendant made under oath at the change of plea hearing. Moreover, the test for prejudice "is objective, not subjective; and thus, 'to obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances.'" *Pilla v. United States*, 668 F.3d 368, 373 (6th Cir. 2012) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010)). Here, Defendant has failed to convince this Court. Other than his self-serving conclusory statements that he would have proceeded to trial, Defendant offers no evidence to demonstrate that a decision to reject the plea offer would have been rational. Had Defendant been convicted at trial, he would have been subject to a mandatory life sentence because

13

of the § 851 enhancement. By pleading guilty after discussing his options and considering all the evidence with counsel, Defendant avoided the mandatory life sentence and instead received 20 years, equivalent to the mandatory minimum he faced without the § 851 enhancement.

In sum, Defendant freely and voluntarily entered his guilty plea, and he has not demonstrated that counsel was ineffective regarding the ways he suggests. Defendant, therefore, is not entitled to relief with respect to grounds I, II, and III.

### B. Ground IV—Ineffective Assistance for Failing to Challenge PSR

As his fourth and final ground for relief, Defendant faults attorney Nieuwenhuis for not objecting to the portion of the PSR that "assess[ed] additional points for one investigation involving (2) two out of (3) three prior drug offenses sep[a]rately." (§ 2255 Mot., ECF No. 1, PageID.8.) According to Defendant, had counsel objected, "the outcome would have consolidated the points instead of sep[a]rately applying them given one points grouped due to being part of one continued investigation." (*Id.*)

Attorney Nieuwenhuis has responded to Defendant's allegation in her affidavit, stating: "Counsel is unsure what Mr. Mims' objection entails. Under the facts and circumstances of this case even if there had been an objection, and it was upheld, it would make no difference since Mr. Mims was sentenced below his guidelines and pursuant to an 11(c)(1)(C) agreement." (ECF No. 15, PageID.67, ¶ 9.) This Court agrees with attorney Nieuwenhuis's assessment. Per the PSR prepared by the Probation Officer, Defendant's advisory Sentencing Guidelines range called for 360 months to life. *See* PSR, *United States v. Mims*, No. 1:22-cr-28 (W.D. Mich.) (ECF No. 48, PageID.219). Moreover, as discussed *supra*, in exchange for Defendant's plea of guilty, the government moved to dismiss the § 851 enhancement, which would have mandated a sentence of life had Defendant proceeded to trial and been found guilty. By accepting the Rule 11(c)(1)(C) plea agreement, Defendant agreed that a sentence of 240 months was appropriate, and that is the

14

sentence that the Court imposed. Given that fact, Defendant cannot maintain his assertion that attorney Nieuwenhuis was ineffective for failing to raise any challenges regarding the scoring in the PSR. Defendant, therefore, is not entitled to relief with respect to ground IV.

In sum, the record before the Court supports a conclusion that all of Defendant's grounds for relief are meritless. Accordingly, there is no need for the Court to conduct an evidentiary hearing, and Defendant's § 2255 motion (ECF No. 1) will be denied.

### V.      Certificate of Appealability

Defendant has filed a motion for a certificate of appealability, requesting that the Court issue one if the Court denies relief pursuant to § 2255. (ECF No. 27.) Under 28 U.S.C. § 2253(c)(1)(B), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Defendant has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Defendant's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a

full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Defendant's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Defendant's claims was debatable or wrong. Therefore, the Court will deny Defendant a certificate of appealability. (ECF No. 27.) Moreover, although Defendant has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court does not conclude that any issue Defendant might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## VI. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Defendant's amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 20) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion to appoint counsel (ECF No. 6) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion for a certificate of appealability (ECF No. 27) is **DENIED** because the Court declines to issue a certificate of appealability in this matter.

A separate judgment will follow. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

Dated:  January 24, 2025             /s/ Paul L. Maloney
                                                                                Paul L. Maloney
                                                                                United States District Judge